UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH L.,

          Plaintiff,

      v.                                               **DECISION AND ORDER**
                                                                 19-CV-923S

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

        1.        Plaintiff Elizabeth L.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that she has been disabled since March 14, 2013, due to various mental and physical conditions.  Plaintiff maintains that she is entitled to disability benefits because her impairments render her unable to work.

        2.        Plaintiff filed applications for disability benefits and supplemental security income in October 2015.  After denial at the agency level, Plaintiff proceeded to a hearing before an ALJ, which took place before ALJ Rosanne M. Dummer via videoconference on March 22, 2018.  At the time of the hearing, Plaintiff was 52 years old, with at least a high school education, and past relevant work as a residential aide, retail sales person, solder making laborer, and material handler.  The ALJ considered the case *de novo* and, on June 21, 2018, issued a written decision denying Plaintiff's applications for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on May 16, 2019.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3. Plaintiff filed the current action on July 12, 2019, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on February 21, 2020. (Docket Nos. 6, 8, 11, 12.) The Clerk of Court thereafter assigned the case here on February 4, 2021, at which time this Court took the motions under advisement without oral argument. (Docket No. 14.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. §§ 405 (g), 1383 (c)(3).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews

---

[2] The ALJ's June 21, 2018 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. §§ 405 (g), 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, CV 19-5075 (GRB), 2021 WL 235630, at *7 (E.D.N.Y. Jan. 25, 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of

4

Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

    9.    The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

    10.    The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the

5

> fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. §§ 404.1520, 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.     The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. §§ 423 (d)(2)(A), 1383 (c)(1)(A); 20 C.F.R. §§ 404.1520 (f), 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12.     In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since November 14, 2013, the day after her prior denial determination (R. at 13);[3] (2) Plaintiff's left eye third nerve palsy with diplopia, lower lumbar degenerative disc disease with stenosis, cervical degenerative disc disease with canal and foraminal stenosis, osteoarthritis left hip status post joint replacement, and obesity are severe impairments within the meaning of the Act (R. at 13-14); (3) Plaintiff does not have an impairment or combination of

---

[3] Citations to the underlying administrative record are designated as "R."

impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 14); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) (R. at 14-23), but with certain limitations[4] (R. at 14-17); (5) Plaintiff could not perform her past relevant work as a residential aide, retail sales person, solder making laborer, or material handler (R. at 23); and (6) Plaintiff could perform jobs that exist in significant number in the national economy (R. at 24-25).  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from November 14, 2013, through June 21, 2018.  (R. at 11, 25.)

13. Plaintiff challenges the ALJ's consideration of her eye condition.  She maintains that the ALJ failed to properly consider the medical opinions of Drs. Eric Puestow and Michael Rosenberg and failed to properly account for her eye condition in her RFC, making that determination unsupported by substantial evidence in the record.  In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed.  This Court agrees with the Commissioner.

14. The ALJ found that although Plaintiff suffers from left eye third nerve palsy with diplopia (double vision), sustained as the result of an automobile accident, she retains normal visual acuity.  (R. at 13, 15, 19.)  She reached this conclusion after

---

[4] The ALJ found that Plaintiff retained the RFC for a range of light work with the following limitations: Plaintiff could lift/carry 20 lbs. occasionally and 10 lbs. frequently; could sit eight of eight hours, four hours at a time; could stand/walk six of eight hours, two hours at a time; could occasionally reach overhead; could never work at unprotected heights and never climb ladders/scaffolds; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; could occasionally work with moving mechanical parts and operate a motor vehicle; should avoid working on rough, uneven, slippery, or wet surfaces; and should not perform work that requires depth perception.  (R. at 14.)

examining treatment notes that recorded an improving condition which caused mild visual impairment and difficulty with depth perception. (R. at 19.) While recognizing that Plaintiff's left eye continued to be deviated to the outside, the ALJ considered evidence in the record of multiple testing results indicating normal visual acuity. Id. The ALJ also gave "great weight" to Dr. Puestow's longitudinal opinion that although Plaintiff suffered from depth perception difficulties, she had normal visual acuity. (R. at 19, 22, 663-72.) Dr. Puestow is a medical expert whom the Commissioner retained after the hearing to review the objective record and render an expert opinion. (R. at 10.) To account for Plaintiff's eye condition, the ALJ limited her RFC, *inter alia*, to include no work that requires depth perception. (R. at 14.)

15. Plaintiff first argues that the ALJ failed to properly consider the non-treating medical opinions of Drs. Puestow and Rosenberg. For claims filed before March 27, 2017, such as this one, the Commissioner evaluates medical opinion evidence under the framework set forth in 20 C.F.R. §§ 404.1527, 416.927.[5] Under that framework, the Commissioner is required to evaluate and consider every medical opinion submitted, together with the rest of the relevant evidence. See 20 C.F.R. §§ 404.1527 (b) and (c); 416.927 (b) and (c). To determine what weight to afford a medical opinion, the Commissioner considers the following factors:

> (1) whether the medical source has examined the claimant (with more weight afforded to the opinion of a source who has);

---

[5] For claims filed on or after March 27, 2017, the Commissioner evaluates medical evidence under 20 C.F.R. §§ 404.1520c, 416.920c.

    (2) whether the medical source has a treatment relationship with the claimant (with more, if not controlling, weight afforded to the opinion of a treating source);[6]

    (3) whether the medical source's opinion is supported (with more weight afforded to well explained opinions supported by diagnostic findings and other relevant evidence);

    (4) whether the medical source's opinion is consistent with the record as a whole (with more weight afforded to opinions that are);

    (5) whether the medical source is a specialist (with more weight afforded to the opinion of a specialist in the relevant field than to the opinion of a non-specialist); and

    (6) whether there are other relevant factors informing the medical source's opinion (with more weight afforded to medical sources who understand the social security disability process and its evidentiary requirements or who are familiar with the other information in the claimant's case record).

See 20 C.F.R. §§ 404.1527 (c)(1)-(6), 416.927 (c)(1)-(6); Smith v. Comm'r of Soc. Sec., 351 F. Supp. 3d 270, 279 (W.D.N.Y. 2018).

    16.    After considering these factors, the Commissioner must adequately explain the weight afforded to the medical opinions. See Falbru v. Berryhill, No. 6:17-CV-6314 (MAT), 2018 WL 1553965, at *2 (W.D.N.Y. Mar. 30, 2018) ("Remand is appropriate where an ALJ fails to consider these factors and to adequately explain the weight given to the consultative examiner's opinion."); Hatcher v. Astrue, 802 F. Supp. 2d 472, 476 (W.D.N.Y. 2011) ("The ALJ must then articulate his reasons for assigning the weight that he does to both treating and nontreating physicians' opinions."). As with other important findings, the Commissioner must explain the weight afforded medical opinions "with sufficient

---

[6] This subsection contains what is commonly known as the treating-physician rule, which is not implicated here since neither Dr. Puestow nor Dr. Rosenberg treated Plaintiff.

9

19.     Review of the record reveals that it contains objective evidence supporting both opinions, which the ALJ resolved in favor of finding that Plaintiff required only a depth-perception limitation in her RFC, a finding supported by Dr. Puestow's opinion and other record evidence. (R. at 666.) The ALJ considered the objective medical evidence, weighed the medical opinion evidence, and sufficiently explained the reasoning underlying her conclusions. Ultimately, as is her duty, the ALJ resolved conflicting evidence and credited Dr. Puestow's opinion over Dr. Rosenberg's as it relates to Plaintiff's visual acuity because she found it consistent with the overall record and informed by a longitudinal review of the objective evidence. (R. at 22.) She thus found no need for a visual acuity limitation in the RFC, a determination supported by Dr. Puestow's opinion. See Pines v. Comm'r of Soc. Sec., No. 13-cv-6850-AJN-FM, 2015 WL 872105, at *3 (S.D.N.Y. Mar. 2, 2015) ("when reviewing the medical evidence, the ALJ has the authority to select among conflicting opinions").

20.     This is the ALJ's task, to resolve discrepancies in the evidence. See Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002); Pope v. Barnhart, 57 F. App'x 897, 899 (2d Cir. Feb. 24, 2003) ("An ALJ has an independent duty to resolve ambiguities and inconsistencies . . . [but] where the inconsistencies do not appear resolvable, the ALJ may decide based on the available evidence."). While Plaintiff undoubtedly would have preferred a weighing of the evidence in her favor, that is of no moment given the constraints of this Court's review.[8] See Bonet ex rel. T.B., 523 F. App'x at 59 (noting that

---

[8] Plaintiff also faults the ALJ for relying on Dr. Puestow's opinion when Dr. Puestow did not have the benefit of Dr. Awner's subsequent ophthalmology findings. (R. at 677.) In the ALJ's view, however, Dr. Awner's findings were cumulative of other findings in the record and therefore did not change the outcome of the case. (R. at 22.)

the issue on review is whether substantial evidence supports the ALJ's decision, not whether it supports Plaintiff's position).

21. Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence. It is therefore affirmed. See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:       May 10, 2021
             Buffalo, New York

                                                      s/William M. Skretny
                                                      WILLIAM M. SKRETNY
                                                      United States District Judge